**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Pinales, *et al.*, | No. CV-18-04464-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| American Family Mutual Insurance Company SI, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion to Remand (Doc. 7, Mot.), to which Defendant filed a Response (Doc. 11, Resp.).

Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a).

Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Supreme Court has concluded that, under § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by

§ 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

When a defendant's assertion of the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 135 S. Ct. at 554. The Ninth Circuit Court of Appeals has noted that the Supreme Court did not decide the procedure for each side to submit proof, leaving district courts to set such procedure. *See Ibarra v. Manheim Inv.*, 775 F.3d 1193, 1199–1200 (9th Cir. 2015) (citing *Dart Cherokee Basin*, 135 S. Ct. at 554). "[E]vidence may be direct or circumstantial," and "a damages assessment may require a chain of reasoning that includes assumptions." *Id.* at 1199. "When this is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.*

Here, in challenging the Court's removal jurisdiction, Plaintiffs have provided evidence that, on November 3, 2018—after Plaintiffs filed their Complaint in state court but before Defendant removed this action—Defendant paid Plaintiffs more than $300,000 on the insurance claim that underlies this action, bringing the amount in controversy on Plaintiffs' claims in this action below $75,000. (Mot. at 2.) Defendant opposes Plaintiffs' request to remand not by arguing that the amount in controversy on the date of removal was above $75,000, but rather that the amount in controversy alleged by Plaintiffs in their Complaint and associated papers was above $75,000 and Plaintiffs failed to amend the Complaint before Defendant removed the action. (Resp. at 4.)

As stated above, once Plaintiffs challenge the jurisdictional amount by way of a motion to remand, the Court may consider evidence—not just Plaintiffs' state court Complaint—to determine if the amount in controversy meets the jurisdictional threshold. Here, Defendant does not dispute it paid Plaintiffs $300,000 on their insurance claim after Plaintiffs filed their state court Complaint, and Defendant provides no evidence in its Response that the amount in controversy remained above $75,000 when Defendant removed this action. Defendant makes much of the fact that Plaintiffs did not immediately

amend their Complaint, but Defendant cannot claim a lack of notice, because it was Defendant itself that made the payment bringing the amount in controversy below $75,000 before Defendant removed this case. Because Defendant has not shown that the amount in controversy was greater than $75,000 on the day it removed this case, the Court must grant Plaintiffs' Motion to Remand.

IT IS THEREFORE ORDERED granting Plaintiffs' Motion to Remand (Doc. 7). The Clerk of Court is directed to remand this matter to Maricopa County Superior Court without delay.

IT IS FURTHER ORDERED vacating the February 8, 2019 Scheduling Conference (*see* Doc. 13).

Dated this 18th day of January, 2019.

Honorable John J. Tuchi
United States District Judge